IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JAMAAL MARION FOGLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-14-CV-240-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant**. | § | |

## ORDER

On this day, the Court considered Defendant's Motion to Dismiss (the "Motion"), ECF No. 13.  By the Motion, Defendant requests that the Court dismiss the above-captioned case (the "Case") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Mot. 3.  For the following reasons, the Court **GRANTS** the Motion.

## I.     BACKGROUND

On May 18, 2014, Plaintiff filed his "Petition: Small Claims Case" ("Complaint") alleging "[d]efamation of character in the form of slander and libel" against Rosa Lydia Pacheco. *See* Am. Notice of Removal ("Amended Notice"), ECF No. 6, at 5.

Ms. Pacheco removed the Case to this Court on June 25, 2014, pursuant to 28 U.S.C. § 1442, which authorizes removal of a case against an officer of the United States "for or relating to any act under color of [his or her] office."  28 U.S.C. § 1442(a)(1); Am. Notice 2.

On the same day, Defendant moved to substitute itself in Ms. Pacheco's place as the defendant in the Case, so that the Case would thereafter "proceed as an action against the United States[] under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80." *See* Am. Notice of Substitution and Appl. for Order Thereon ("Motion to Substitute"), ECF No.

1

9, at 1.  Plaintiff did not respond to the Motion to Substitute, and the Court granted that motion on July 17, 2014.  *See* Order, ECF No. 12.

Defendant filed the Motion on August 21, 2014.  *See* Mot.  Plaintiff did not respond to the Motion.

## II.   DISCUSSION

### A.   Standard

Federal courts are courts of limited jurisdiction.  *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims.  *Id.*  A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim.  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Where a defendant files a "factual attack" on the court's jurisdiction, supported by evidentiary materials, a plaintiff "is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B.   Analysis

By the Motion, Defendant argues that the Court lacks subject matter jurisdiction on two grounds.  First, Defendant argues that Plaintiff failed to exhaust his administrative remedies

2

before filing suit as required by the Federal Tort Claims Act ("FTCA").  Mot. 5-6.  Further,

Defendant argues that the FTCA does not waive the United States' sovereign immunity from

suits arising out of libel or slander.  *Id.* at 6-7.  Plaintiff has not responded to Defendant's

arguments.  The Court addresses each in turn.

### 1.       Whether Plaintiff has exhausted his administrative remedies

Defendant first argues that the Court lacks subject matter jurisdiction because Plaintiff

has failed to exhaust his administrative remedies.[1]  Mot. 5-6.   "The requirement of exhaustion of

administrative review is a jurisdictional requisite to the filing of an action under the FTCA."  *See*

*Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).  Under the express provisions of the

FTCA, a plaintiff may not sue the United States

> for money damages for injury or loss of property or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his [or her] office or employment,
> unless the claimant shall have first presented the claim to the appropriate Federal
> agency and his [or her] claim shall have been finally denied by the agency in
> writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

If a plaintiff fails to exhaust his or her remedies by obtaining a final agency denial as required by

28 U.S.C. § 2675(a), the federal district courts lack subject matter jurisdiction over the claim.

*See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Defendant has presented evidence that Plaintiff did not file any administrative complaint

with the relevant federal authority prior to instituting this action.  *See* Decl. of Connie E.

McConahy, Mot. Ex. A, ECF No. 7-2.  Accordingly, Plaintiff has the burden to submit facts

---

[1] Defendant cites to 28 U.S.C. § 2401(b) to support its contention that Plaintiff must exhaust his administrative remedies before bringing an action against the United States government.  Mot. 5.  Though Defendant is correct that the FTCA requires exhaustion of administrative remedies, the Court notes that this requirement is found in 28 U.S.C. § 2675.  As the Court does not understand Defendant's motion to assert that Plaintiff's claim is beyond § 2401(b)'s statute of limitations, and the action must be dismissed on other grounds, the Court does not address § 2401(b).

proving by a preponderance of the evidence that the Court does have subject matter jurisdiction. *Paterson*, 644 F.2d at 523.  When reviewing a factual attack, there is no presumption of truthfulness to Plaintiff's allegations, and the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).

Plaintiff's Complaint provides no indication that Plaintiff has filed any form of administrative complaint.  *See* Mot. 4-7.  Nor has Plaintiff presented any other evidence indicating that he has otherwise exhausted his administrative remedies.  Defendant's evidence that Plaintiff has not exhausted his administrative remedies, therefore, is undisputed.  The Court accordingly finds that the weight of the evidence indicates that Plaintiff never filed the required administrative complaint.  Consequently, the Court lacks subject matter jurisdiction over the Case.  *See* 28 U.S.C. § 2675(a); *Nwangoro v. Dep't of Army*, 952 F. Supp. 394, 397 (N.D. Tex. 1996).

## 2.    Whether the FTCA waives the United States' sovereign immunity for suits arising out of libel or slander

Defendant further argues that the Court lacks jurisdiction because the FTCA does not waive the United States' sovereign immunity for suits arising out of libel or slander.  Mot. 6.

"As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued."  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citation omitted).  Through the FTCA, the United States has consented to a limited waiver of its sovereign immunity under some circumstances.  28 U.S.C. § 2674; *Truman*, 26 F.3d at 594. Nonetheless, the FTCA expressly exempts from its waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of

process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h); *Truman*, 26 F.3d at 594-95.  "If the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim."  *Truman*, 26 F.3d at 594 (citing *United States v. Neustadt*, 366 U.S. 696 (1961)).

   According to Plaintiff's Complaint, "[t]he basis for the claim which entitles the plaintiff to seek relief against the defendant is . . . [d]efamation of character in the form of slander and libel."  Am. Notice 5.  As stated above, claims under both libel and slander are expressly exempted from the FTCA's waiver of sovereign immunity.  28 U.S.C. § 2680(h); *Williams v. United States*, 71 F.3d 502, 507 (5th Cir. 1995).  Furthermore, Plaintiff has not presented, and the Court has not found, any other grounds by which the United States has waived its sovereign immunity in relation to Plaintiff's claims.  Accordingly, the Court lacks jurisdiction to hear the Case.  *See Williams*, 71 F.3d at 507; *Truman*, 26 F.3d at 594.

## III.    CONCLUSION

   "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming*, 281 F.3d at 161.  The Court finds that Plaintiff has failed to carry his burden to establish that the Court has subject matter jurisdiction to hear Plaintiff's claims against the United States.  Consequently, the Court lacks subject matter jurisdiction and must dismiss the Case.  *See* Fed. R. Civ. P. 12(h)(3).

   It is therefore **ORDERED** that Defendant's Motion to Dismiss, ECF No. 13, is **GRANTED**. The Court hereby **DISMISSES** the Case.

   The Clerk shall close the Case.

**SO ORDERED**.

**SIGNED this 13th day of October, 2014.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE